HERMAN S. RICH *vs.* SCHEINDAL TANENBAUM.

MARCH 23, 1938.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CONDON, J. This is an action of assumpsit brought to recover rent or hire for the use and occupation of the plain-

tiff's wharf by the defendant. The case was tried before a justice of the superior court and a jury and resulted in a verdict for the plaintiff for $119.73. Defendant thereupon moved for a new trial which was denied by the trial justice. Defendant duly excepted to such denial and has prosecuted her bill of exceptions to this court, setting out this exception and several others taken during the trial.

Defendant's bill of exceptions contains seven exceptions, only five of which are relied on here. Exceptions two and three, relating to the admission of certain evidence on behalf of the plaintiff, have been expressly waived. Exception one and exceptions four to seven inclusive relate respectively to the admission in evidence of a certain letter written by the plaintiff to the defendant, to the denial of defendant's motion for a directed verdict, to a portion of the trial justice's charge with reference to the right of plaintiff to charge rent for overlapping at his wharf by barges delivering coal to defendant, to a portion of the charge of the trial justice with reference to the reasonableness of a charge of $5 per day for such overlapping and finally to the denial of defendant's motion for a new trial.

The plaintiff is the owner of a wharf on the Providence River. Adjoining it on the south, and separated only by a narrow street, is the wharf of the defendant, which is used by coal barges delivering coal to the defendant, who is engaged in the business of buying and selling coal under the trade-name of the National Coal Company. It appears from the evidence that coal barges, docked at the defendant's wharf and unloading coal for the defendant, have, on numerous occasions since November 15, 1935, overlapped the plaintiff's wharf and, in some instances, tied up to it or used it in docking.

On November 14, 1935, plaintiff notified defendant with reference to the future as follows:

"National Coal Company,
193 South Water Street,
Providence, Rhode Island.

Gentlemen:

I hereby notify you that on and after November 15, 1935 I will not allow any boats or barges whether controlled by you or under your direction to tie or lay along side any part of my wharf on South Water Street, directly north of your property, excepting under the following conditions: First that you notify me or my office when you desire the use of said wharf; second, that you agree to pay $5.00 per day or part thereof for the privilege of using same; third, that you agree to pay for any damage to said wharf that may be caused by you or your agent's boats or barges; fourth, that you notify the Agent of any boat or barge operating under your directions all of the conditions herein enumerated; fifth, all conditional privileges for use of said wharf are subject to cancellation at any time by myself through written notice to you; sixth, if at any time you or your agents with or without due notice make use of said wharf, such action acknowledges an acceptance of conditions above mentioned.

Respectfully yours,

Herman S. Rich."

The admission of this letter in evidence was objected to by the defendant on the ground that it was a self-serving declaration and clearly inadmissible under the law as laid down by this court. It was admitted, over defendant's objection, and defendant excepted to such admission. This is the defendant's exception one.

This letter, under the circumstances of this case, was not a self-serving declaration within the meaning of the law of this state. The law with reference to such declarations was stated in *White* v. *Berry,* 24 R. I. 74, at page 79, as follows,

"a party to an action cannot write a letter, after the happening of the acts complained of by him, and then use it himself as evidence of the existence of the facts therein stated. In other words, it is elementary law that a person cannot make evidence in his own behalf." The vice which this rule seeks to prevent is the manufacturing of evidence by a party in his own behalf after a controversy has arisen between him and the other party on the matter or matters contained in the letter or other writing.

It is obvious that the copy of the letter admitted in the instant case is not of that character. No cause of action in favor of the plaintiff existed at the date of the letter and it contained nothing prejudicial to the defendant. It was merely evidence of the fact that the plaintiff had notified the defendant that she was not to use his wharf in any way unless she was willing to pay the specified charge therefor. And it had reference, not to any use which the defendant had made of plaintiff's wharf previously, and about which there was a controversy between plaintiff and defendant, but rather to such future use as defendant might make of the wharf and before any controversy had arisen. There was no error, therefore, in admitting this letter, and defendant's exception is overruled.

Defendant's exception four is to the denial of her motion for a directed verdict. On our view of the evidence the trial justice would not have been warranted in directing a verdict for the defendant. There was, therefore, no error in his denial of defendant's motion, and this exception is overruled.

Exceptions five and six are to portions of the charge to the jury, wherein the jury was instructed that, if a barge unloading at defendant's wharf overlapped on plaintiff's wharf, the plaintiff could charge the defendant for such overlapping and that a charge of $5 per day therefor would be reasonable, there being no evidence to rebut it.

The evidence and the reasonable inferences to be drawn therefrom showed such overlapping. It also showed that de-

fendant's attention had been called to each instance of overlapping and a bill for such use of his wharf was sent by the plaintiff to the defendant. Twenty-two such instances were thus brought to defendant's attention and she did nothing about it, except that her son, who was the assistant manager of the defendant's business at the dock, on the occasion of receiving each bill for overlapping, went to the plaintiff, handed back the bill and told the plaintiff that he, the plaintiff, was "barking up the wrong tree."

Defendant's counsel contends that the acts alleged by plaintiff, if proved, are clearly trespasses committed by the masters of the barges and that defendant is not liable unless she specifically ordered and directed the acts to be done or unless the wharf at which the barges were directed to unload was too small for the purpose so that overlapping of plaintiff's wharf was necessary to perform the acts of unloading as directed. The evidence tends to show that the defendant, through her agents, directed the unloading of barges which came to her wharf. In any event, whatever the masters of the barges did, in docking their vessels, that was reasonably necessary to comply with the defendant's directions as to the unloading of the barges, was done for her benefit and therefore on familiar principles, what was thus done for her by others was as though she did it herself.

There was overlapping in the instant case, which was done for the benefit of the defendant, and for such overlapping she is liable. *Adams* v. *John R. White & Son, Inc.*, 38 R. I. 240 and also 41 R. I. 157.

The charge of $5 per day for such actual use of plaintiff's dock for overlapping was reasonable. There was some evidence, although not a great deal, from which the jury could reach a conclusion as to the reasonableness of that charge. It was testified that the docking privilege at the municipal dock was $10 per day. After making allowances for the extra advantage of docking at that dock, the jury could have reasonably concluded that for the privilege of laying along-

side and partly overlapping plaintiff's wharf a substantially lower fee of $5 a day represented a fair charge. Whether it was too high a charge, and, if so, how much too high, the defendant did not undertake to aid the jury in determining by offering any evidence of what would be reasonable. Under these circumstances, we are of the opinion that the trial justice did not err in instructing the jury as he did. Exceptions five and six are, therefore, overruled.

Exception seven is to the denial of defendant's motion for a new trial. We have carefully considered the evidence and we are of the opinion that the trial justice was warranted in approving the jury's verdict. There was a clear conflict in the evidence as to whether there had been any overlapping; but the jury and the trial justice had an opportunity to see and hear the witnesses testify, and both have apparently believed the plaintiff's testimony and have drawn inferences favorable to him from the testimony on the manner of unloading the barges at defendant's wharf. There is nothing in the testimony of the plaintiff which would warrant us in rejecting either his testimony, or such inferences favorable to him, and thus finding that the ruling of the trial justice was clearly wrong. Unless that can be done, the verdict as approved by the trial justice must stand. *Young* v. *Young*, 56 R. I. 401; *Gallo* v. *Simpson Spring Co.*, 55 R. I. 410.

However, the defendant finally complains that the damages are excessive in that they appear to include too large an allowance of interest in addition to the total rent or hire of $110. Plaintiff's writ is dated November 16, 1936, and the jury returned its verdict on May 5, 1937. Interest at six per cent on the above amount for the period between those dates was allowable and the jury was so instructed. They apparently made some mistake in their computation of such interest as their verdict would indicate that they allowed plaintiff interest in the sum of $9.73, whereas the correct amount is $3.12.

For this reason, the defendant's exception seven is sustained, and the case is remitted to the superior court for a new trial, unless on or before March 30, 1938, the plaintiff shall file in the office of the clerk of the superior court a remittitur of all of such verdict in excess of $113.12. In case the plaintiff shall file such remittitur, the superior court is directed to enter judgment for the plaintiff on the verdict as reduced by the remittitur.

*Greenough, Lyman & Cross, Ronald C. Green, Jr.,* for plaintiff.

*Bellin, Levin & Alprin,* for defendant.